**SETTLEMENT AGREEMENT**

By and through their respective counsel, Defendants the Department of Justice, the Office of the Director of National Intelligence, the Central Intelligence Agency, and the Department of Defense ("Defendants") and Plaintiff David Brown ("Plaintiff") (collectively, the "Parties") hereby agree to settle and compromise the civil action captioned, *Brown v. CIA*, Civ. No. 21-1991 (DLF) (the "Civil Action"), under the terms and conditions set forth in this Settlement Agreement (the "Agreement").

1. Defendants shall pay Plaintiff a lump sum of Nine-Thousand dollars ($9,000.00) for attorney fees and other litigation costs reasonably incurred in this matter (the "Settlement Payment"). The Settlement Payment shall be made by an electronic funds transfer as specified in instructions provided to Defendants' undersigned counsel by Plaintiff in writing. Defendants will effectuate the payment promptly after the receipt of such instructions by Defendants' counsel.

2. Plaintiff and Plaintiff's counsel agree and consent to Defendants' counsel filing the Stipulation of Dismissal attached hereto bearing Plaintiff's counsel's printed signature (designated "By Permission") with the Court, and such filing shall constitute a dismissal of the Civil Action with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii).

3. Plaintiff hereby fully and forever releases and discharges the Defendants, the United States, and their present or former officials, employees, and agents, in their official and individual capacities, from any and all rights or claims arising from the allegations in the Complaint filed in the Civil Action, including all claims for attorney fees and other litigation costs that have been, or could have been, made in the Civil Action. Without limiting the generality of the foregoing, this release encompasses, resolves, and satisfies all claims, including all claims for attorney fees and other litigation costs, in connection with all facets of this Freedom of Information Act matter, from the initial submission of Plaintiff's records request(s) through and including any

litigation, as well as any other proceedings involving claims that were or could have been raised in the Civil Action.  Plaintiff agrees to forever release and discharge any claims for further disclosure of the records or the portions of records sought in the Civil Action, and will not subsequently request that Defendants grant access to those records or portions of records under the Freedom of Information Act.

      4.      This Agreement has been entered into by Plaintiff and Defendants solely for the purposes of compromising disputed claims without protracted legal proceedings and avoiding the expense and risk of such litigation.  Therefore, this Agreement is not intended and shall not be deemed an admission by any Party of the merit or lack of merit of an opposing Party's claims or defenses.  Without limiting the generality of the foregoing, this Agreement does not constitute, and shall not be construed as, an admission of liability or fault on the part of the Defendants or the United States or their present or former officials, employees or agents, or as an admission of any contested fact alleged by Plaintiff in connection with the Civil Action or otherwise.  This Agreement may not be used as evidence or otherwise in any civil or administrative action or proceeding against Defendants or the United States or any of their present or former officials, employees or agents, either in their official or individual capacities, except for proceedings necessary to implement or enforce the terms hereof.

      5.      This Agreement contains the entire agreement between the Parties hereto and supersedes all previous agreements, whether written or oral, between the Parties relating to the subject matter hereof.  No promise or inducement has been made except as set forth herein, and no representation or understanding, whether written or oral, that is not expressly set forth herein shall be enforced or otherwise given any force or effect in connection herewith.

6. The terms of this Agreement may not be modified or amended, and no provision hereof shall be deemed waived, except by a written instrument signed by the party to be charged with the modification, amendment, or waiver, or by such party's counsel.

7. The Parties acknowledge that the preparation of this Agreement was collaborative in nature, and so agree that any presumption or rule that an agreement is construed against its drafter shall not apply to the interpretation of this Agreement or any term or provision hereof.

8. Each Party agrees to take such actions and to execute such additional documents as may be necessary or appropriate to fully effectuate and implement the terms of this Agreement.

9. The Parties understand and agree that this Agreement, including all the terms and conditions of the compromise settlement herein and any additional agreements or undertakings relating thereto, may be made public in its entirety.

10. This Agreement may be executed in two or more counterparts, each of which shall be deemed to be an original and all of which together shall be deemed to be one and the same agreement. A facsimile or other duplicate of a signature shall have the same effect as a manually executed original.

11. This Agreement shall be governed by the laws of the United States and the District of Columbia without regard to the choice of law rules utilized in that jurisdiction.

12. No provision of this Settlement Agreement shall be interpreted to constitute a commitment or requirement that Defendants expend funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable statute that restricts Defendants' ability to remit the Settlement Payment to Plaintiff due to a lapse in or insufficient appropriations from Congress.

13. Upon execution of this Agreement by all Parties hereto, this Agreement shall be binding upon and inure to the benefit of the parties and their respective heirs, personal representatives, administrators, successors, and assigns.

14. Each signatory to this Agreement represents and warrants that he or she is fully authorized to enter into this Agreement on behalf of the persons or entities indicated below, and has done so freely and voluntarily, without any degree of duress or compulsion. This Agreement is effective when signed by all parties hereto.

EDWARD R. MARTIN, JR., D.C. Bar #481866
United States Attorney


By:        /s/*Fithawi Berhane*
FITHAWI BERHANE
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-6653
Fithawi.Berhane@usdoj.gov

*Attorneys for the United States of America*

By:   /s/*Jerald M. Lentini*
JERALD M. LENTINI, ESQ.
D.C. Bar #CT00017
National Security Counselors
1451 Rockville Pike, Suite 250
Rockville, MD 20852
501-301-4672
Jerald@NationalSecurityLaw.org

By:   /s/*Kelly B. McClanahan*
KELLY B. MCCLANAHAN, ESQ.
D.C. Bar #984704
National Security Counselors
1451 Rockville Pike, Suite 250
Rockville, MD 20852
501-301-4672
Kel@NationalSecurityLaw.org

*Counsel for Plaintiff*